SO ORDERED: April 26, 2005.

_____
**James K. Coachys**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| SHIRLEY RELFORD, ) | Case No. 03-22614-JKC-13 |
| ) | |
| Debtor. ) | |
| _____) | |

**AMENDED ORDER AND OPINION GRANTING MOTION FOR RECONSIDERATION OF ORDER ON DEBTOR'S OBJECTION TO CREDITOR ECAST SETTLEMENT CORPORATION'S PROOF OF CLAIM AND OVERRULING OBJECTION**

This matter came before the Court on eCast Settlement Corporation's ("eCast") Motion for Reconsideration of Order on Debtor's Objection to Creditor eCast Settlement Corporation's Proof of Claim (the "Motion to Reconsider"). For the reasons stated below, the Court grants the Motion.

On December 2, 2003, Debtor Shirley Relford ("Debtor') commenced a case under Chapter 13 of the United States Bankruptcy Code. On Schedule F, she listed unsecured credit card indebtedness to J.C. Penney, under account number 4245548861, in the amount of $800.00. The debt was not listed as either "contingent, liquidated or disputed." On February 9, 2004, eCast filed a claim in the amount of $771.14 "as assignee of General Electric/JCP Consumer" (the "Claim").

The "Account Summary" attached to the Claim stated that eCast is the assignee of General Electric/JCP Consumer and that the Debtor owes $771.14 on Account Number ************5886.

The Debtor objected to the Claim, arguing that neither it, nor the Account Summary, provided the "cardholder agreement, an account history, a record of charges and payments, or any other documentation supporting the amount it claims against the estate." She also took issue with the fact that the Claim did not itemize interest and other charges as required, or provide sufficient proof of the purported assignment between J.C. Penney and eCast (the "Objection").

The Court ruled on the Objection by an opinion dated December 3, 2004 (the "Order"). In determining the sufficiency of the Claim, the Court first looked to the text of Code §§ 501 and 502, as well as to Bankruptcy Rule 3001. It then examined the contrasting holdings issued by various courts regarding the sufficiency of proofs of claim, citing in particular to *In re Cluff*, 313 B.R. 323 (Bankr.D.Utah 2004), *In re Hughes*, 313 B.R. 205 (Bankr.E.D.Mich.2004); *In re Henry* 311 B.R. 813 (Bankr.W.D.Wash.2004) and *In re Kemmer*, 315 B.R. 706 (Bankr.E.D.Tenn.2004). Ultimately, the Court held that a claim for credit card indebtedness must include "the parties' credit card agreement (and any amendments thereto), as well as evidence regarding the debtor's use of the credit card or consumer account." It further held that the debtor's credit card use could generally be established by a summary that included, at a minimum, "the amount of the debt, the name and account number of the debtor, account balance as of the petition date and a breakdown of interest, late fees and attorney fees if the debt includes such charges. . . . in the form of a business record or other equally reliable format."

In applying that standard, the Court found the Claim deficient in that it did not include the Debtor's credit card agreement with J.C. Penney or a breakdown of the Debtor's account balance

2

into pre-petition interest, principal and fees.  Nevertheless, it refused to disallow the claim on this basis, explaining that eCast could rest on the Debtor's schedules as additional evidence of the validity and amount of its Claim and, therefore, did not have to provide any additional evidence in that regard.

The Court also took issue, however, with the evidence attached to the Claim of the purported assignment between J.C. Penney and eCast, finding that the Bill of Sale attached to the Claim failed to establish that it was actually included in the assignment between the "Sellers" and eCast or that there was a contractual relationship between the Sellers and J.C. Penney.  In order to have the Claim allowed, eCast was required to present additional evidence of the assignment.

In response, eCast filed its Motion to Reconsider on December 20, 2004, arguing that the Court erred in holding that a proof of claim for a transferred claim must include evidence of that transfer.  In support, eCast directed the Court to Fed.R.Bankr.P. 3001(e), which provides in relevant part:

> (e) Transferred Claim.
>
> (1) Transfer of Claim Other Than for Security Before Proof Filed.  If a claim has been transferred other than for security before proof of the claim has been filed, the proof of claim may be filed only by the transferee or an indenture trustee.
>
> (2) Transfer of Claim Other Than for Security After Proof Filed.  If a claim other than one based on a publicly traded note, bond, or debenture has been transferred other than for security after the proof of claim has been filed, evidence of the transfer shall be filed by the transferee.  The clerk shall immediately notify the alleged transferor by mail of the filing of the evidence of transfer and that objection thereto, if any, must be filed within 20 days of the mailing of the notice or within any additional time allowed by the court.  If the alleged transferor files a timely objection and the court finds, after notice and a hearing, that the claim has been transferred other than for security, it shall enter an order substituting the transferee for the transferor.  If a timely objection is not filed by the alleged transferor, the transferee shall be substituted for the transferor.

According to the Advisory Committee notes to the 1991 amendments to Rule 3001, subdivision (e) was "amended to limit the court's role to the adjudication of disputes regarding transfers of claim. If a claim has been transferred prior to the filing of a proof of claim, there is no need to state the consideration for the transfer or other evidence of the transfer. . . ."

Based on the foregoing, the Court must conclude that it erred in concluding that the Claim was deficient because it lacked sufficient evidence regarding the subject transfer. Therefore, the Court amends its Order and holds that eCast is not required to provide additional evidence of its purported assignment from J.C. Penney. The Motion to Reconsideration is granted and the Debtor's Objection to the Claim is overruled in its entirety.[1]

###

Distribution:

Karl T. Ryan
Ronald J. Moore
Robert A. Brothers
UST

---

[1] This Court issues this amended order to correct an error in its original Order and Opinion Granting Motion for Reconsideration of Order on Debtor's Objection to Creditor eCast Settlement Corporation's Proof of Claim and Overruling Objection, issued on April 19, 2005. In that opinion, the Court mistakenly concluded that eCast waived the argument made in its Motion for Reconsideration by attaching evidence of the assignment to the Claim and by not responding to the Debtors' argument that such evidence was insufficient. Regretfully, the Court misread the record in this matter. It apologizes for any inconvenience or embarrassment to eCast or its counsel.